UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Thadius Nye</u>

   v.                                Civil No. 13-cv-243-SM

<u>Helen Hanks, Administrative
Director of Medical and Forensic
Services, New Hampshire State
Prison, et al.</u>[1]

**REPORT AND RECOMMENDATION**

    Thadius Nye filed a complaint (doc. no. 1) and a motion to amend the complaint (doc. no. 7) pursuant to 42 U.S.C. § 1983, asserting claims against employees of the New Hampshire State Prison ("NHSP") medical department, pursuant to 42 U.S.C. § 1983.  Because Nye is a prisoner proceeding pro se and in forma pauperis, the matter is before the court for preliminary review.  <u>See</u> 28 U.S.C. § 1915A(a); LR 4.3(d)(2).  Also before the court are Nye's motions for alternative dispute resolution (doc. nos. 5 and 8) and discovery (doc. nos. 6 and 9).

---

    [1]In addition to Helen Hanks, Nye has named two employees of the prison's pain clinic, Janice Theodore and Carey Rodd, as defendants.  The court granted Nye's motion to amend the complaint (doc. no. 7) to add Theodore and Rodd to this action on August 5, 2013.

**Standard of Review**

Pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(2), the magistrate judge conducts a preliminary review of pro se in forma pauperis prisoner complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and

construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Nye is an inmate at the NHSP.  Prior to incarceration, Nye underwent unspecified surgery on his wrist.  Nye complains that he continues to suffer wrist pain, as well as severe back pain.  A member of the NHSP medical staff prescribed Nye Tramadol for pain relief.  The NHSP medical staff later revoked his prescription, however, when Nye admitted to taking extra medication without authorization.  When his Tramadol was discontinued, NHSP medical staff placed Nye in the prison's pain clinic.  Though Nye admits he is receiving treatment from the pain clinic, he contends that it is inadequate.  Nye alleges that he has requested, through the administrative grievance process, that Hanks treat his pain but that Hanks has refused to reinstate his Tramadol.

## Discussion

I.  Preliminary Review

Nye alleges that Hanks violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by intentionally denying him medical care sufficient to relieve his

pain.  The Eighth Amendment protects an inmate from a prison official's deliberate indifference to that inmate's serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1994).  A serious medical need is one that involves a substantial risk of serious harm to the prisoner if it is not adequately treated, or if treatment is sufficiently delayed.  See Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011).  For the purposes of preliminary review, the court will assume, without deciding, that Nye's allegations concerning his wrist and back pain are sufficient to assert a plausible claim that he has a serious medical need.

For Nye to prevail on his Eighth Amendment claim, he must allege facts to demonstrate "that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety."  Id. (internal quotation marks omitted).  "Deliberate indifference . . . may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with actual knowledge of impending harm, easily preventable."  Ruiz-Rosa v. Rullán, 485 F.3d 150, 156 (1st Cir. 2007) (internal quotation marks omitted) (quoting Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993)).  To act, or fail to act, with deliberate

4

indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Leavitt, 645 F.3d at 497 (quoting Farmer, 511 U.S. at 837).

The federal constitution "does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) (citing Layne v. Vinzant, 657 F.2d 468, 471 (1st Cir. 1981)). Where an inmate's claim "concerns not the absence of help, but the choice of a certain course of treatment," he must demonstrate that the medical attention he received was "'so clearly inadequate as to amount to a refusal to provide essential care.'" Feeney v. Corr. Med. Servs., Inc., 464 F.3d 158, 163 (1st Cir. 2006) (citation omitted). Nye concedes that he is receiving treatment through the pain clinic, but he contends that the treatment has not alleviated his pain. Because Nye's claim "concerns not the absence of help" but the choice of a course of treatment, he must allege facts sufficient to show that the attention he has received constitutes a refusal to provide care. Nye has failed to do so.

In sum, Nye has not alleged sufficient facts to show that Hanks or any member of the NHSP medical department acted with deliberate indifference to his wrist and back pain. Nye has

thus failed to state an Eighth Amendment claim upon which relief might be granted.

II. Motions

Nye's motions for alternative dispute resolution (doc. nos 5 and 8) and discovery (doc. nos. 6 and 9) should be denied as moot, as the court recommends dismissal of this action. The denial should be without prejudice to renewal if the district judge does not approve this recommendation.

### Conclusion

For the foregoing reasons, the court recommends dismissal of the complaint (doc. no. 1) in its entirety. The court further recommends that the pending motions (doc. nos. 5, 6, 8 and 9) be denied without prejudice to renewal should the district judge decline to approve this recommendation.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st

Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

August 8, 2013

cc: Thadius Nye, pro se

LM:jba